UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-21416-CIV-SEITZ
(99-cr-111-PAS)

RUDNY MORALES,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

ORDER DENYING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255, DENYING WRIT OF
ERROR CORAM NOBIS AND CLOSING CASE

    THIS CAUSE is before the Court upon Movant Rudny Morales' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE-1]. Movant contends that he received ineffective assistance of counsel when his attorney failed to advise him of the adverse immigration consequences of his guilty plea. He similarly asserts that his Sixth Amendment rights were violated when the Court failed to warn of him of the adverse immigration consequences of his guilty plea. The Government filed a Response [DE 5]. Movant did not file a reply.

    The Motion must be denied for four reasons. First, because Movant has completed his term of imprisonment, he is not entitled to relief pursuant to 28 U.S.C. § 2255 which expressly applies only to prisoners in custody. Second, assuming his motion may be treated as a Motion for a Writ of Error Coram Nobis, the ground he relies upon for relief, *U.S. v. Padilla*, does not retroactively apply to his case. Even if it did, he cannot establish prejudice, the second *Strickland*

prong for an ineffective of counsel claim, because he cannot show that his decision to reject the plea bargain would have been rational under the circumstances of this case. Finally, there is no constitutional requirement that a court advise a defendant of the possible adverse immigration consequences of a guilty plea.

I. Background

Movant Rudny Morales was born in Cuba in 1977 [DE 252 at 5]. At age 14, he moved to the United States and currently is a lawful permanent resident [DE 252 at 5, 6, 8] [DE 1 at 2].

On April 14, 1999, Movant was charged with one count of conspiracy to commit interstate shipment theft in violation of 18 U.S.C. § 659, which carried a maximum penalty of five years' imprisonment [CR-DE 31 at 3, 12].[1] Two weeks later, Counsel entered an appearance on Movant's behalf [CR-DE 54].

On July 16, 1999, pursuant to a cooperation plea agreement, Movant pled guilty to the one count as charged [CR-DE 93, 99]. In the plea agreement, the Government agreed to recommend a two or three level sentencing guideline reduction to the court [CR-DE 93 at 2]. In addition, based upon Movant's anticipated future cooperation, the Government agreed to consider filing a motion recommending a further sentence reduction, if warranted [CR-DE 93 at 3].

On October 7, 1999, consistent with the plea agreement, the Government filed a motion for downward departure based on Movant's substantial assistance [CR-DE 122]. That same day, pursuant to the plea agreement, Movant was sentenced to five (5) years' probation, rather than a any term of imprisonment [CR-DE 124, 125].

---

[1] References to the docket in the underlying criminal case, *USA v Rudny Morales*, 99-CR-0111-PAS, are designated [CR-DE __].

On January 14, 2003, however, because Movant was arrested on state criminal charges for burglary, grand theft and dealing in stolen property, his probation was revoked [CR-DE 214]. He was then sentenced to ten months' imprisonment and three years of supervised release. [CR-DE ].

The Bureau of Prisons released Movant on December 11, 2003 and he completed his term of supervised release in 2006. On November 22, 2019, more than twenty years after his initial sentence was imposed, Movant filed the pending Motion to Vacate.[2]

II. Motion to Vacate

In his Motion, Movant cites *Padilla v. Kentucky*, 559 U.S. 536, 130 S.Ct. 1473 (2010) to support his position that the Sixth Amendment right to effective counsel requires an attorney to inform his client of potential adverse immigration consequences of a guilty plea. He further argues that the Constitution requires the Court to advise defendants of possible adverse immigration consequences arising from a guilty plea.

Although Movant entered his guilty plea in 1999, he contends that he was unaware of the adverse immigration consequences of his guilty plea until an immigration attorney told him, approximately six to nine months ago, when he decided to apply for naturalization. Movant asserts, that had he known about the adverse immigration consequences or that deportation was likely certain, he would have not accepted his plea and would have taken his case to trial.

The Government responds that Movant is not entitled to relief because his Motion is untimely under § 2255(f)(4). In addition, the Government contends that Movant cannot establish that he received ineffective assistance of counsel because he was not prejudiced by his

---

[2] The civil action for the Motion was not opened until April 2, 2020 due to a Clerk's error [DE 1]. The Government filed its response on June 17, 2020 [DE 5].

counsel's omission. The Government urges the Court to take judicial notice of that fact that because of the special considerations provided to Cuban nationals under the Cuban Adjustment Act, the number of convicted Cuban citizens deported the from the United States back to Cuba is minimal. The Government also notes that Movant has never been contacted by an Immigration officer. Finally, the Government asserts that *Padilla* is not retroactive and thus is not applicable to Movant's case.

### III. Law and Analysis

#### A. *Movant is not in custody and therefore is not eligible for relief under 28 U.S.C. § 2255*

Movant is proceeding under 28 U.S.C. § 2255. This statute expressly provides that post-conviction relief requires that a movant be in custody. See *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam). Here, it is undisputed that Movant completed his federal sentence more than a decade ago. Therefore, he is unable to satisfy the "in custody" requirement under 28 U.S.C. § 2255 and is not entitled to relief. *Id.*[3]

#### B. *Movant is not entitled to a Writ of Error Coram Nobis*

While Movant is not entitled to § 2255 relief, a writ of error coram nobis is a remedy available to vacate a conviction when a movant has served his sentence and is no longer in custody. *Id* at 712. However, a writ of coram nobis "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The writ may issue only where (1) there is no other

---

[3] The Government's contention that Movant's request is untimely pursuant to § 2255(f)(4), is immaterial because § 2255 is not applicable to this factual scenario.

available avenue for relief; (2) the movant presents sound reasons for failing to seek relief earlier; and, (3) the error involves a matter of the most fundamental character. *Id.* at 1203-04.

Here, there are no other available and adequate avenues of relief available to Morales to raise his claims as he was released from custody over ten years ago. In addition, Movant states that he was unaware that his conviction would make him deportable until his immigration attorney advised him approximately six-to-nine months before he filed the Motion to Vacate. Recently, in *Gonzalez v. United States*, No. 19-11182, 2020 WL 6811984, *1 (11th Cir. Nov. 20, 2020), the Eleventh Circuit, in an unpublished opinion, held that the district court did not clearly err in finding that petitioner failed to justify his 20-month delay in filing his coram nobis petition once he knew that his guilty plea, entered many years earlier, made him deportable under the applicable laws. In this case, the delay between when Movant purports to have learned of his counsel's omission and when he filed his Motion to Vacate is considerably shorter than that in *Gonzalez*. However, Morales has not offered *any* reason for the 6-9 month filing delay. Thus, it is a close call whether this delay forecloses Movant's request for coram nobis relief. Puttiing that aside, Movant is not entitled to relief because he has not demonstrated a fundamental error in the proceedings because he cannot prevail on his ineffective assistance of counsel claim.

C.  *Padilla v. Kentucky is not applicable to Movant's case*

The United States Supreme Court has foreclosed any relief for Movant under *Padilla v. Kentucky*, 559 U.S. 536, 130 S. Ct. 1473 (2010), which held that the Sixth Amendment requires counsel to advise a criminal defendant of the risk of deportation when entering a guilty plea. In *Chaidez v. United States*, 568 U.S. 342, 358, 133 S.Ct. 1103,1113 (2013), a coram nobis challenge based on *Padilla*, the Supreme Court held that *Padilla* established a "new rule" for

retroactivity purposes, and that "defendants whose convictions became final prior to *Padilla* therefore [could not] benefit from its holding." 568 U.S. 342, 358, 133 S.Ct. 1103,1113 (2013).

Movant tries to sidestep *Chaidez* by asserting that the *Strickland v. Washington* ineffective assistance of counsel framework should be applied without regard to whether *Padilla* is retroactive.[4] However, *Chaidez* made clear that *Strickland* does not apply to ineffective assistance of counsel claims for failure to advise of immigration consequences of a guilty plea, in cases that became final before *Padilla*. Because Movant pled guilty in 1999, he cannot rely on *Padilla* to establish his ineffective assistance of counsel claim.

### D. *Movant cannot satisfy the prejudice prong of Strickland*

Moreover, even if the Court applied the *Strickland* standard, Movant would still fail in his requested relief. To prevail on an ineffective assistance of counsel claim, a movant must show: (1) his counsel's performance was deficient; and, (2) the deficient performance prejudiced his defense. *Martin v. United States*, 949 F.3d 662, 670 (11th Cir. 2020) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A court need not address both *Strickland* prongs if the movant fails to satisfy either of them. *Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010). For the deficient performance prong, a movant must demonstrate that his counsel's representation fell below an objective standard of reasonableness. *Id.* (citation and quotation omitted). In order to satisfy the prejudice prong in this context, a movant must show that a decision to reject a plea bargain would have been rational

---

[4] This argument was advanced in the *Chaidez* dissent. *Chaidez*, 568 U.S. at 370, 133 S.Ct. at 1120 (Sotomayor, J., dissenting). However, the *Chaidez* majority rejected this argument explaining that prior to the 2010 *Padilla* decision, lower federal courts routinely held that defense counsel was not required to discuss immigration consequences with a defendant because such issues were collateral to a guilty plea and thus outside the ambit of the Sixth Amendment. *Chaidez,* at 350, 1109.

under the circumstances. See *Padilla*, 559 U.S. at ––––, 130 S.Ct. at 1485. Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. *Lee v. United States*, ––– U.S. ––––, 137 S.Ct. 1958, 1967, 198 L.Ed.2d 476 (2017). Courts should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences. *Id.*

Movant asserts that had he known of the adverse immigration consequences or that deportation was likely certain, he would not have accepted his plea and, instead, have gone to trial [DE 1 at 3]. However, Movant offers no factual support for this assertion. Moreover, the record belies such assertion. Movant was charged with conspiracy to commit theft from an interstate shipment, which carried a maximum sentence of five years' imprisonment. Less than three months later, he entered a guilty plea pursuant to a cooperation plea agreement. As a result of that agreement, after the Government recommended that the Court reduce Movant's sentence and filed a Motion to Reduce Sentence for his substantial cooperation, Movant was sentenced to a term of 5 years' probation, rather than any term of imprisonment [DE 31, 252].

Further, Movant has not disputed the Government's contentions that Movant has never been contacted by an Immigration officer or that the number of convicted Cuban citizens deported from the United States to Cuba is minimal. In fact, there is no evidence that Movant weighed the possibility of removal or deportation at the time he entered his guilty plea. Rather, the record supports the inference that the Movant was not concerned about any possible immigration consequences of his guilty plea until nearly twenty years later, when he decided to apply for U.S. citizenship. Given these facts, Movant's bare assertion without more does not establish that a decision to reject the plea bargain would have been rational under the

7

circumstances. *Roach v. Roberts*, 373 F. App'x. 983, 985 (11th Cir. 2010) ("the Petitioner's 'bare allegation that [he] would not have pleaded guilty is insufficient to establish prejudice.'").

> E. *The Court was not required to inform Defendant of the immigration consequences of his guilty plea*

Finally, Morales asserts that the sentencing court never informed him of the immigration consequences of his guilty plea.[5] However, a movant has no constitutional right to be informed by the court of those consequences. *United States v. Utoh*, 767 Fed. Appx. 899, 902 (11th Cir. 2019) (unpublished) (per curiam) (citing *United States v. Ataya*, 884 F.3d 318, 323 (6th Cir. 2018).

Similarly, at the time of his plea, Movant did not have a statutory right to be informed by the court of potential adverse immigration consequences. *Utoh*, 767 Fed. Appx., at 902.[6] Accordingly, Morales had no legal entitlement to a judicial warning of potential deportation during the plea, and his claim that this Court violated his Sixth Amendment rights is without merit.

### IV.  Morales is not Entitled to a Certificate of Appealability

The Court declines to issue of a certificate of appealability for Morales' § 2255 motion. To obtain a certificate of appealability, the movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the four reasons discussed, particularly the fact that Morales is no longer in custody, he has not made this showing.  To the

---

[5] The July 6, 1999, Change of Plea Transcript confirms that the Movant was not advised that his guilty plea might impact his immigration status or result in deportation [CR-DE 252].

[6] After *Padilla*, in 2013, Rule 11 of the Federal Rules of Criminal Procedure was amended to "require[ ] the court to include a general statement that there may be immigration consequences of conviction in the advice provided to the defendant before the court accepts a plea of guilty or nolo contender." *Id*. at n. 5 (citing Fed. R. Crim. P. 11(b)(1)(O) advisory committee's note to 2013 amendment.) But that requirement was not in effect at the time of Morales' conviction.

extent that the Court treated Movant's claims as seeking a writ of error coram nobis, no certificate of appealability is necessary to appeal this Order.[7]

Having carefully reviewed Rudny Morales' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE-1], the Government's response [DE-5] and the applicable portions of the record, it is

**ORDERED** that:

1. The Movant's § 2255 Motion to Vacate that the Court construes as a Motion for Writ of Error Coram Nobis [DE 1] is **DENIED.**

2. The Court will **not** issue a certificate of appealability.

3. This case is **closed.**

**DONE and ORDERED** in Miami, Florida, this 7th day of January 2021.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of record
Rudny Morales, *pro se*

---

[7] A certificate of appealability is required in two circumstances: (A) when "the detention complained of arises out of process issued by a State court," or (B) when the appellant challenges "the final order in a proceeding under section 2255". 28 U.S.C. § 2253(c)(1)(A), (B). Petitioner fits into neither § 2253(c)(1) categories, thus does not require a COA to appeal.